IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NORBERTO TORRES, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 18−cv–1091−NJR ) |
| KIMBERLY BUTLER, JEFFERY A. HUTCHINSON, WILLIAM SPILLER, LORI OAKLEY, KENT BROOKMAN, TERRANCE JACKSON, and BEBOUT, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Norberto Torres, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks declarative and injunctive relief and damages.

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

## **The Complaint**

There was an altercation at Menard in the West yard on December 7, 2015. (Doc. 1, p. 5). Shots were fired, and Plaintiff immediately got down. *Id*. An officer came and escorted Plaintiff to segregation, allegedly for lying in an improper position. *Id*. When Plaintiff arrived at the segregation building, he was interviewed by Bebout. (Doc. 1, p. 6). Plaintiff told her that he did not know anything about the incident and was not involved. *Id*. Bebout told Plaintiff that he would be written up as participating in the altercation and labeled a member of the "Latin Folk" based on confidential informant testimony, unless he cared to tell her otherwise. *Id*. Plaintiff asked Bebout to review the camera footage, but she declined. *Id*. Plaintiff threatened to file grievances, but Bebout said that any grievance naming her would be destroyed. *Id*. Plaintiff was taken back to his cell in segregation. *Id*. A guard came and told Plaintiff that he was being placed on investigative status per Spiller and Bebout. (Doc. 1, p. 7). The guard also told Plaintiff that Bebout was going to make sure he got a disciplinary report because she does not like Hispanic males. *Id*.

On December 9, 2015, Plaintiff received an investigative status report. *Id*. Less than a week later, he received a disciplinary report. *Id*. The disciplinary report was authored by Spiller and contained everything Bebout said she would include. *Id*.

On December 22, 2015, Plaintiff appeared before the adjustment committee, composed of Brookman and Jackson. *Id*. He pleaded not guilty and denied being a gang member. *Id*. Plaintiff was found guilty, solely on the basis of the disciplinary report. *Id*. Plaintiff received the final summary report on January 11, 2016, and received one year C-grade, one year segregation, one year commissary restriction, and six months contact visit restriction. *Id*. Butler approved the report on December 31, 2015. *Id*.

When Plaintiff served his time in segregation, both on investigative status and as a result of the disciplinary sanctions, he was placed in a cell designed for one man but made to house two. (Doc. 1, p. 8). Plaintiff's investigative status cell also had rusty bunks, a soiled mattress, mold, and peeling paint. *Id*. It also lacked ventilation and was infested with bugs. *Id*. Plaintiff was also denied cleaning supplies. *Id*. He alleges identical conditions in the cell he was moved to after the guilty finding. *Id*. Plaintiff further describes the conditions on pages 10 and 11 of the Complaint.

Plaintiff filed grievances regarding the disciplinary report, which Butler denied in April 2016. (Doc. 1, p. 8). The Administrative Review Board ("ARB") remanded the disciplinary proceedings back to Menard on November 14, 2016, in order to comply with IDOC directives. (Doc. 1, p. 9). Upon re-hearing, some of the charges against Plaintiff were dropped. *Id*.

Plaintiff alleges that the defendants had a meeting of the minds and conspired to find him guilty because of his Hispanic race. (Doc. 1, p. 10). Plaintiff also alleges that Bebout retaliated against him because he did not have the information she wanted. *Id*.

### **Discussion**

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into five counts. The parties and the Court will use these designations in all future pleadings

and orders, unless otherwise directed by a judicial officer of this Court. The following claims survive threshold review:

> **Count 1 –** Bebout retaliated against Plaintiff for failing to provide information relevant to her investigation by writing him a false disciplinary report in violation of the First Amendment;
>
> **Count 2 –** Bebout, Spiller, Brookman, Jackson, and Butler violated Plaintiff's due process rights in violation of the Fourteenth Amendment when they found him guilty of the false disciplinary report;

Plaintiff also has attempted to bring other Counts, but for the reasons explained below, these claims do not survive threshold review:

> **Count 3 –** Bebout denied Plaintiff equal protection of laws in violation of the Fourteenth Amendment when she targeted him due to his Hispanic race;
>
> **Count 4 –** The conditions in segregation violated Plaintiff's Eight Amendment rights;
>
> **Count 5 –** Spiller, Bebout, Brookman, Jackson, Oakley, and Butler conspired to violate Plaintiff's constitutional rights;

As to Plaintiff's **Count 1**, to succeed on a First Amendment retaliation claim, a plaintiff must prove (1) that he engaged in conduct protected by the First Amendment; (2) that he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) that the protected conduct was a "motivating factor" for taking the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009).

Truthfully answering questions during an investigation, as Plaintiff alleges that he did here, is protected conduct. *McKinley v. Schoenbeck*, --F. App'x --, 2018 WL 1830942 at * 2 (7th Cir. Apr. 17, 2018). Plaintiff has adequately pleaded the first element of a retaliation claim. Moreover, being placed in an over-crowded cell and being subjected to hygiene deficiencies, among other problems, is the type of action that could deter First Amendment activity. Finally, Plaintiff has alleged that Bebout specifically told him that she would ensure that he ended up in segregation if he did not tell her what she wanted to know, suggesting that she could have been motivated by Plaintiff's protected conduct

in sending him to segregation. For all of these reasons, Plaintiff has adequately stated a First Amendment retaliation claim against Bebout in **Count 1**.

As to **Count 2**, when a plaintiff brings an action under Section 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). The Seventh Circuit has limited the ability of prisoners to assert that terms in segregation implicate a liberty interest. *Marion v. Columbia Corr. Inst.,* 559 F.3d 693, 697 (7th Cir. 2009). Whether a prisoner has a liberty interest implicated by special confinement relies on whether the confinement imposed an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484 (1995). In assessing whether disciplinary segregation amounts to a constitutional violation, a court must examine the length of a prisoner's confinement in segregation in combination with the conditions he endured there. *Kervin v. Barnes*, 787 F.3d 833, 836-37 (7th Cir. 2015); *Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013). Although relatively short terms of segregation rarely give rise to a prisoner's liberty interest, at least in the absence of exceptionally harsh conditions, such an interest *may* arise from a term of confinement combined with atypical and significant hardships, depending on the severity of the conditions, and any additional punishments. *Kervin*, 787 F.3d at 836.

Prison disciplinary hearings satisfy procedural due process requirements where an inmate is provided: (1) written notice of the charge against the prisoner twenty four (24) hours prior to the hearing; (2) the right to appear in person before an impartial body; (3) the right to call witnesses and to present physical/documentary evidence, but only when doing so will not unduly jeopardize the safety of the institution or correctional goals; and (4) a written statement of the reasons for the action taken against the prisoner. *See Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974); *Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir. 1988).

5

Not only must the requirements of *Wolff* be satisfied, but the decision of the disciplinary hearing board must be supported by "some evidence." *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994). To determine whether this standard has been met, courts must determine whether the decision of the hearing board has some factual basis. *Webb v. Anderson*, 224 F.3d 649 (7th Cir. 2000). Even a meager amount of supporting evidence is sufficient to satisfy this inquiry. *Scruggs v. Jordan,* 485 F.3d 934, 941 (7th Cir. 2007).

For pleading purposes, Plaintiff has adequately alleged that his time in segregation worked a "significant and atypical" hardship so as to deprive him of a liberty interest. Whether he states a claim turns on the question of whether the adjustment committee deprived him of due process. Although Plaintiff has alleged the contrary, the ARB found no due process violations as to Plaintiff's disciplinary proceedings, although the ARB did ask Menard to make a correction. Plaintiff has alleged that his due process rights were violated because the adjustment committee adopted the disciplinary report without further inquiry. This type of claim can go to either the requirement that the adjustment committee provide written notice of its decision or the requirement that the decision be supported by some evidence. At the pleading stage, Plaintiff's allegation that the adjustment committee adopted the disciplinary report without inquiry states a potential *Wolff* violation, and the claim will be permitted to proceed.

All of Plaintiff's other claims must be dismissed at this time. As an initial matter, Plaintiff has named Jeffrey Hutchinson as a defendant in this action, but he is not mentioned in the statement of claim. His name is on a single exhibit, Doc. 1-1, p. 13, but that is not sufficient to put Hutchinson on notice of what he is alleged to have done. The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus, where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). Accordingly, Hutchinson will be dismissed from this action without prejudice.

Plaintiff's equal protection claim also must be dismissed. Racial discrimination by state actors violates the Fourteenth Amendment, unless it is narrowly tailored to serve a compelling state interest. *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000) (citing *City of Richmond v. J.A.Cronson Co.*, 488 U.S. 469, 493-94 (1989)). A plaintiff bringing a race-based Equal Protection claim must allege that a state official intentionally treated him differently than members outside of the protected class. *Id*.

Plaintiff has not properly stated an Equal Protection claim because he has not adequately alleged that other similarly situated individuals outside of his protected class were treated differently than he was. For example, he has not alleged that non-Hispanic inmates who witnessed the fight were treated differently. In the absence of such an allegation, Plaintiff has failed to allege an Equal Protection claim. Accordingly, **Count 3** will be dismissed without prejudice for failure to state a claim.

**Count 4** also must be dismissed without prejudice because Plaintiff has not adequately alleged that any of the named defendants were deliberately indifferent. In order to state a claim regarding conditions of confinement, a litigant must allege: (1) there is a deprivation that is, from an objective standpoint, sufficiently serious that it results "in the denial of 'the minimal civilized

7

measure of life's necessities,'" and (2) prison officials are deliberately indifferent to this state of affairs. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016). Prisons must have adequate ventilation, sanitation, bedding, and hygiene products. *Lewis v. Lane*, 816 F.2d 1165, 1171 (7th Cir. 1987). Prison officials demonstrate deliberate indifference when they "know[] of and disregard[] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn . . . and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Plaintiff has described conditions that could plausibly constitute a sufficiently serious deprivation. He has not established, however, that any named defendant was deliberately indifferent to those conditions. Plaintiff does not even allege that any of the named defendants knew about the conditions at issue. He has alleged that he complained to some unnamed guards, but those guards are not defendants here. In order to state a claim for deliberate indifference, Plaintiff must allege that the defendants knew that he personally was being subjected to unconstitutional conditions of confinement and were deliberately indifferent to those conditions. As Plaintiff has not done that in the Complaint, the claims will be dismissed without prejudice.

Finally, Plaintiff's conspiracy claim also fails. Conspiracy claims are generally held to a higher pleading standard than other claims, particularly after *Iqbal* and *Twombly*. *See Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009); *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006) ("[Conspiracy] differs from other claims in having a degree of vagueness that makes a bare claim of 'conspiracy' wholly uninformative to the defendant"). To prove a Section 1983 conspiracy claim, the plaintiff must prove that (1) a state official and a private individual reached an understanding to deprive the plaintiff of his constitutional rights, and (2) those individuals were willful participants in the unlawful activity with the state actor. *Cooney v. Casady*, 735 F.3d 514, 518 (7th Cir. 2013) (citing *Lewis v. Mills*, 677 F.3d 324, 333 (7th Cir. 2012)). Typically, the evidence must reflect a "concerted effort" between the parties. *Whitlock v. Brueggemann*, 682 F.3d 567, 577 (7th Cir. 2012).

It is not enough for the conspirators to share the same objective, rather a conspiracy requires that there be an agreement, express or implied, to reach a desired result. *Cooney*, 735 F.3d at 519 (quoting *Hampton v. Hanrahan,* 600 F.2d 600, 621 (7th Cir. 1979)).

All the defendants in this case are state actors. It is likely that this claim is superfluous and unnecessary. *See Turley v. Rednour*, 729 F.3d 645, 649 n. 2 (citing *Fairley v. Andrews*, 578 F.3d 518, 526 (7th Cir. 2009) (finding that the function of a Section 1985 conspiracy claim is to "permit recovery from a private actor who has conspired with state actors" and without private actors, the conspiracy claim adds only "needless complexity.")).

Here, Plaintiff has not alleged sufficient facts to permit a reasonable person to infer that the defendants agreed to conspire against him. The only fact he has alleged is that all of the defendants were part of the discipline process—a part of their jobs as state employees. Plaintiff must allege facts tending to show that the defendants actually agreed to violate his constitutional rights. Moreover, Plaintiff has alleged that the defendants conspired against him due to his Hispanic race. Plaintiff has failed to state an Equal Protection claim in this lawsuit; and, to the extent that he is attempting to state a claim for conspiracy to violate his Equal Protection rights, that claim also must fall. In the absence of sufficient allegations, this claim must be dismissed without prejudice. Plaintiff may move to file an amended complaint alleging additional facts as to all claims dismissed without prejudice, if he so desires. As Oakley is only named in connection to **Count 5**, she will be dismissed without prejudice.

### **Pending Motions**

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is referred to the United States Magistrate Judge for disposition.

Plaintiff also has requested a preliminary injunction in his request for relief. While it is clear that the punishment imposed as a result of the allegedly unconstitutional disciplinary process had been fully served at the time Plaintiff filed the Complaint, making Plaintiff's request for injunctive

relief potentially broader than the scope of his allegations, the Court will direct the Clerk to docket a preliminary injunction and refer that request to a Magistrate Judge for disposition.

### Disposition

**IT IS HEREBY ORDERED** that **Counts 1** and **2** survive threshold review against Butler, Spiller, Brookman, Jackson and Bebout. **Counts 3-5** are **DISMISSED without prejudice** for failure to state a claim. Defendants Hutchinson and Oakley are **DISMISSED without prejudice**. The Clerk of Court is **DIRECTED** to docket a motion for a preliminary injunction.

**IT IS ORDERED** that the Clerk of Court shall prepare for Butler, Spiller, Brookman, Jackson and Bebout: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his or her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Donald Ge. Wilkerson for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 25, 2018**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**