IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NORBERTO TORRES, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 3:18-CV-1091-NJR-DGW ) |
| KIMBERLY BUTLER, WILLIAM SPILLER, KENT BROOKMAN, TERRANCE JACKSON, and SHANA BEBOUT, | ) ) ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Noberto Torres filed this *pro se* lawsuit pursuant to 42 U.S.C. § 1983 against Defendants Kimberly Butler, William Spiller, Kent Brookman, Terrance Jackson, and Shana Bebout for violating his constitutional rights while he was an inmate of the Illinois Department of Corrections (Doc. 1). Torres asserts Defendant Bebout retaliated against him for failing to provide information relevant to an investigation by writing him a false disciplinary report in violation of the First Amendment (*Id.*; Doc. 10). He further claims all Defendants violated his Fourteenth Amendment due process rights when they found him guilty of the false disciplinary report (*Id.*).

Along with his complaint, Torres requested preliminary injunctive relief in the form of an order requiring Defendants and all future wardens, committee members, and grievance officers to "immediately cease their illegal practices of disregarding exonerating evidence in disciplinary hearings and illegally placing prisoners in punitive segregation" (Doc. 1). He also seeks an order directing the same individuals to abide by the Illinois Administrative

Code, to provide adequate due process and equal protection of the law to prisoners during all hearings, and to begin recording the audio of all disciplinary hearings (*Id.*).

On October 10, 2018, Magistrate Judge Donald G. Wilkerson entered the Report and Recommendation currently before the Court, which recommends that the motion for injunctive relief be denied (Doc. 23). Objections to the Report and Recommendation were due September 10, 2018 (*Id.*). No objections were filed.

Because no party has filed an objection, the undersigned District Judge need not undertake *de novo* review. 28 U.S.C. § 636(b)(1)(C); *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 741 (7th Cir. 1999). Instead, the Court should review the Report and Recommendation for clear error. *Johnson*, 170 F.3d at 739. The Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

While *de novo* review is not required here, the Court has reviewed Magistrate Judge Wilkerson's Report and Recommendation for clear error. Following this review, the Court agrees with his findings, analysis, and conclusions. The undersigned accordingly **ADOPTS** the Report and Recommendation in its entirety (Doc. 23). Plaintiff's Motion for Preliminary Injunction (Doc. 11) is **DENIED without prejudice.**

IT IS SO ORDERED.

DATED: November 13, 2018

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**